IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| MARIA FONSECA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:21-cv-00057 |
| | § | |
| WILLIAM DOUGLAS ORONA, and | § | |
| ELITE POWER AND RECOVERY, INC., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COME NOW** William Douglas Orona and Elite Power and Recovery, Inc., Defendants in the above-entitled and captioned cause, and submit this Notice of Removal, and for jurisdiction respectfully shows the following:

1.  William Douglas Orona ("Mr. Orona") and Elite Power and Recovery, Inc. ("Elite Power") were named as Defendants in the case styled *Maria Fonseca v. William Douglas Orona and Elite Power and Recovery, Inc*; Cause No. 2020-DCV3880, pending in the 34th Judicial District Court of El Paso County, Texas (hereinafter, the "State Court Action"). A true and correct copy of the docket sheet from the State Court Action is attached hereto as Exhibit A. Pursuant to 28 U.S.C § 1446(a), a true and correct copy of all process, pleadings, and orders in the State Court Action are being filed with this Notice, and are attached hereto as Exhibit B. This case is being removed based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and pursuant to 28 U.S.C. § 1441(a).

1

2. Any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendants to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2).

3. The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action of proceeding is based. 28 U.S.C. § 1446(b)(1).

4. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than one year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. *Id.* at § 1446(c)(1)."Other paper" that precedes the Plaintiff's initial pleading does not trigger the thirty-day period. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (finding Section 1446(b) directs the Court to evaluate the timeliness of removal by examining the case stated by the initial pleading, and the Court will not rely on a settlement letter that preceded the plaintiff's initial pleading).

5.      Because federal courts have limited jurisdiction, parties must make "clear, distinct, and precise affirmative jurisdictional allegations" in their pleadings. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). To properly allege diversity jurisdiction under § 1332, the parties need to allege "complete diversity." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). That means "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Ibid.* (quotation omitted).

6.      The difference between citizenship and residency is a frequent source of confusion. For individuals, "citizenship has the same meaning as domicile," and "the place of residence is prima facie the domicile." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Nevertheless, citizenship and residence, are not synonymous terms. *Robertson v. Cease*, 97 U.S. 646, 648, 24 L. Ed. 1057 (1878). Citizenship requires not only "[r]esidence in fact" but also "the purpose to make the place of residence one's home." *Texas v. Florida*, 306 U.S. 398, 424, 59 S. Ct. 563, 83 L. Ed. 817 (1939).

7.      A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Accordingly, "allegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation." *Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985).

8.      To determine the amount in controversy, courts look first to the state court petition. *Salazar v. Downey*, 2012 U.S. Dist. LEXIS 158423, 2012 WL 5389678, at *1-2 (N.D. Tex. Nov. 5, 2012). When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. There are two ways that this burden can be met. A

removing party may establish the jurisdictional amount by either: (1) demonstrating that it is "facially apparent" from the petition that the claim more likely than not exceeds $75,000 or (2) setting forth the facts in controversy that support a finding of the requisite amount. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002). If the original state court petition does not include a claim for damages that exceeds the jurisdictional threshold established by 28 U.S.C. § 1332, then the case stated by the initial pleading is not removable. *See* 28 U.S.C. § 1446(b).

9. A defendant's removal is timely even if the case stated by the initial pleading is not removable, if the defendant removes the case within thirty days of receiving an amended pleading, motion, or "other paper" that informs the defendant that the case is removable. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992).

**BASIS FOR REMOVAL**

10. The State Court Action is a negligence case that arises out of a motor vehicle accident that occurred in El Paso County, Texas on July 18, 2019. Ex. B, Pl's Orig. Pet. Plaintiff's Original Petition was filed on December 3, 2020, and both Defendants were served with Plaintiff's Original Petition by Certified Mail on December 14, 2020. *Id.* Plaintiff's Original Petition merely alleged that Plaintiff was a Texas resident, rather than a Texas citizen. *Id.* at ¶ 2. Moreover, Plaintiff's Original Petition only specified Plaintiff's alleged damages for reasonable medical care and expenses in the past, as being $55,685.38. *Id.* at ¶ 13. Thus, because Plaintiff's citizenship was not determinable from Plaintiff's Original Petition, and the amount in controversy appeared to be less than $75,000, the case was not yet removable on December 14, 2020. *Id.*

11. Defendants served Plaintiff with Requests for Admission for the sole purpose of ascertaining Plaintiff's citizenship on January 8, 2021. *See* Ex. C. Plaintiff served her answers to Defendants' discovery requests on February 8, 2021. *See* Ex. D. It was on this date that for the first time, it was ascertainable that Plaintiff was a citizen of Texas. *Id.* Plaintiff's responses establish that Plaintiff was a citizen of the State of Texas at the time she filed the State Court Action, and that she is currently a citizen of the State of Texas. *Id.*

12. Neither Defendant Orona or Elite Power are Texas citizens. *See* Ex. B, Ex. E, Ex. F. Defendant Orona is a citizen of the State of New Mexico. The State of New Mexico was Mr. Orona's home at the time of the subject incident, it continues to be his home, and he intends to reside there indefinitely. Ex. E. A true and correct copy of the Declaration of William Douglas Orona is attached as Exhibit E, which sets out Defendant Orona's New Mexico citizenship. As such, this Defendant is a citizen of the State of New Mexico.

13. Plaintiff alleges that Defendant Elite Power "is a business of the State of New Mexico," which is correct. *See* Ex. B, Pl.'s 1st Am. Pet., at ¶ 4. Defendant Elite Power is a business incorporated and existing under the laws of the State of New Mexico, with its principal place of business located in Albuquerque, New Mexico. Please refer to the Affidavit of Michael Merrell, the Principal of Engineering and Consulting for Elite Power, which is attached as Exhibit F.

14. Although Plaintiff's Texas citizenship was ascertainable on February 8, 2021, whether the amount in controversy exceeded the jurisdictional minimum was not yet determinable, and thus, the case was not yet removable on that date. *See* 28 U.S.C. § 1332(a).

15. However, on February 15, 2021, Plaintiff's First Amended Petition was filed, which established that the amount in controversy is well above the $75,000 jurisdictional amount. *See*

Ex. B, Pl.'s 1st Am. Pet., at ¶ 13. Plaintiff's Amended Petition seeks damages for reasonable care and expenses in the past in the amount of $55,685.38; physical pain and suffering in the past in the amount of $100,000; physical impairment in the past in the amount of $85,000; physical impairment in the future in the amount of $85,000; mental anguish in the past in the amount of $85,000; lost wages in the amount of $8,000; and lost earning and earning capacity in the future in the amount of $200,000; which the sum of equals $778,685.38. *Id.*

16.     Therefore, because less than thirty (30) days have elapsed since February 15, 2021, the date that both the Plaintiff's citizenship *and* the amount in controversy were ascertainable, the Defendants' Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3).

17.     Venue of this removed action is proper in this Honorable Court pursuant to 28 U.S.C. § 1441(a) as El Paso is the District and Division where the State Court Action is pending.

18.     Pursuant to 28. U.S.C. § 1446(d), Defendants will promptly give all parties written notification of the filing of this Notice, and will also promptly file a copy with the District Clerk of El Paso County, Texas where the State Court Action is currently pending.

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully pray that all parties take notice of the above and forgoing removal, that pursuant to the above-referenced authorities this Honorable Court exercise jurisdiction over the parties and subject matter in this case, and that Defendants be granted such other and further relief, general or special, legal or equitable, to which they may be justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS
SAFI, PAXSON & GALATZAN, P.C.**
P.O. Box 1977
El Paso, Texas 79999-1977
Phone: (915) 532-2000
Fax: (915) 541-1597
E-Mail: vereen@mgmsg.com
E-Mail: esparza@msmsg.com

By: _____
Darryl S. Vereen
State Bar No. 00785148
**Michelle Esparza**
State Bar No. 24116329

Attorneys for Defendants

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I, **Michelle D. Esparza**, hereby certify that on the 10th day of March, 2021, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21a (f)(1) is served on the following parties or attorney(s): Humberto S. Enriquez, Esq., enriquezlawfirm@sbcglobal.net, 1212 Montana Avenue, El Paso, Texas 79902.

_____
Michelle D. Esparza